(93 App. Div. 596.)

## DRUMHELLER v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. April 29, 1904.)

1. MUNICIPAL CORPORATIONS—OFFICERS—EMPLOYÉS—AUTHORITY TO EMPLOY.

Laws 1892, p. 380, c. 182, § 122, provides that the number of men the commissioner of public works of a city may employ shall be subject to the control of the common council. A resolution adopted by the council relative to a sewerage disposal plant provided that engineers supervising the construction thereof may call on the department of public works for assistance. *Held* that, as the assistance was to be furnished from the existing employés of the commissioner of public works, an employé of the commissioner, who sent from the employés of his private office, and not from the city employés, certain engineering assistants, could not recover for the expenditures incurred in furnishing them, though he acted in good faith, and the city received the benefits from the expenditure, and though the commissioner did not have a sufficient force to furnish the required help.

Appeal from Special Term, Westchester County.

Action by George Drumheller against the city of Mt. Vernon. From a judgment for defendant, plaintiff appeals. Affirmed.

The following is the opinion of Mr. Justice Garretson at Special Term:

The plaintiff is not a city officer, but an employé of the commissioner of public works. It may be presumed that he acted at a fixed compensation, and, with other employés of the commissioner, was paid from a fund appropriated for the defraying of the expenses incident to the performance of the duties devolved upon that official. That the latter had not unlimited power to subject the city to such expenses as he saw fit for the salaries and wages of his subordinates is inferable from section 122 of the charter of the city (chapter 182, p. 380, Laws 1892), which provides as follows: "The said commissioner of public works shall have the power to employ such men as may be required to perform any public work not done by contract, and to discharge them, the number to be employed at any one time to be subject to the direction and control of the common council." A resolution of the common council passed August 6, 1901, relative to a sewerage disposal plant, and the employment of Snow & Barber, sanitary engineers, to design and supervise the construction thereof, provided, among other things, as follows: "The said city to co-operate with the said Snow & Barber by furnishing such data and requisite assistance from the department of public works and city engineer, and other city departments, as the said engineers may call for, the services of the corporation counsel, and such labor and material, and tools, as may be needed in digging test pits, and other work, where ordinary labor and tools are required." Requisition having been made by Snow & Barber upon the commissioner for engineering assistants, the plaintiff, with the knowledge and consent of the commissioner, furnished such assistants from his private office force, and not from his assistants in the city's employ, and his disbursements for their wages, amounting to $765, having been presented to, and disallowed by, the common council, he now brings this action to recover the amount.

A fair construction of the resolution of the common council leads to the conclusion, that it was contemplated that the engineering assistance to Snow & Barber was to be furnished from the then existing employés of the commissioner. This view is confirmed by the language of section 122, above cited, which makes the number of the commissioners' employés "subject to the direction and control of the common council." To hold that the plaintiff can recover in this action, and upon the ground of alleged equities arising in his favor, because he has acted in good faith, and the city has had the benefit of his expenditures, would be to nullify the salutary provisions of the section,

throw down the bar erected thereby, and make the commissioner quite independent of the common council in the employment of his subordinates and the payment of their compensation. There would thus be no limitation upon the commissioner's power to obligate the city. That the engineering force of the commissioner was insufficient at the time, because of the pressure of other public work, did not justify the assumption of power to employ additional assistants, for it would have been but a simple matter for him to have brought the situation to the attention of the common council, and left its solution with that body. It must also be presumed that the plaintiff acted with full knowledge of the provisions of section 122 of the charter, which thus prescribed the question of power in his superior, and therefore his claim that the employment of additional assistants was a mere irregularity in municipal procedure cannot be sustained.

There should be judgment for the defendant, with costs.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

Charles W. Sinnott (William H. Ferguson, on the brief), for appellant.

William J. Marshall, for respondent.

PER CURIAM. Judgment and order unanimously affirmed, with costs, upon the opinion of Mr. Justice Garretson.

---

LOWENHAUPT v. STANISICS et al.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. WILLS—CONSTRUCTION—UNLAWFUL ACCUMULATION.

A testamentary provision that the net income of the estate shall be accumulated by the executors, and used to pay off mortgages on the real estate, is invalid.

2. SAME—STATUTORY AUTHORITY.

Such a provision is not authorized by Real Property Law, § 76, subd. 2 (Laws 1896, p. 571, c. 547), authorizing a trust to lease real property, as well as sell or mortgage it, for the benefit of annuitants or other legatees.

Appeal from Special Term, Kings County.

Action by Matilda H. Lowenhaupt, individually and as executrix and trustee of the will of Henry Johnson, deceased, against Charles G. Stanisics and others, for the construction of the will. From a judgment holding a portion of the will invalid, Charles G. Stanisics and others, defendants, appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Frank E. Loughran, for appellants.
Alfred G. Reeves, for respondent.

WILLARD BARTLETT, J. This is an action to construe the will of Henry Johnson, who died on April 18, 1891, leaving him surviving, his widow, Martha Jane Johnson, and the plaintiff, his only

¶ 1. See Perpetuities, vol. 39, Cent. Dig. § 72.